YANIRY HERNANDEZ

v.

THE RITZ-CARLTON HOTEL
COMPANY, LLC. a Florida Company

_____/

## COMPLAINT

COMES NOW, Plaintiff, YANIRY HERNANDEZ (hereafter "Plaintiff"), by and through

her undersigned counsel, and hereby files this Complaint against Defendant, THE RITZ-

CARLTON HOTEL COMPANY, LLC., a Florida Company (hereafter "Defendant"), and in

support thereof states as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action by the Plaintiff for damages in excess of $15,000.00 excluding attorney's

   fees or costs for damages pursuant to the Family Medical Leave Act, as amended 29 U.S.C.

   §2601, et. seq. (hereafter "FMLA") to redress injury done to the Plaintiff by the Defendant

   for interference in violation of the FMLA and retaliation in violation of the FMLA.

2. Plaintiff is a resident of Miami-Dade County, Florida and Defendant is situated in Miami-

   Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Company doing business in Miami-Dade County, Florida.

4. At all times material herein, Defendant was an employer covered by the FMLA because

   they were engaged in commerce or in an industry affected commerce and employed 50 or

   more employees for each working day during each of twenty (20) or more calendar

   workweeks.

5. Plaintiff worked at a location where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

6. Plaintiff was an employee entitled to leave under FMLA, based on the fact that she was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month prior period to her seeking to her rights to FMLA leave.

7. Venue is proper in the United States District for the Southern District of Florida because the Plaintiff resides in, and the Defendant conducts business in and all of the events giving rise to Plaintiff's claims occurred in Miami-Dade County, Florida, which is within the Southern District of Florida.

## FACTUAL ALLEGATIONS

8. On or about September 7, 2010 Plaintiff began her employment with Defendant as a housekeeper.

9. On or about March of 2011, Plaintiff was promoted by Defendant to housekeeper supervisor.

10. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §2601, *et.seq.*, because Plaintiff validly exercised her rights pursuant to FMLA and Defendant interfered with Plaintiff's right to take leave under FMLA and discriminated against Plaintiff because she took FMLA leave.

11. On or about November 28, 2016, Plaintiff's fifteen (15) year-old daughter was diagnosed with chronic epilepsy by a neurologist, a serious health condition.

12. Immediately following her daughter's diagnosis, Plaintiff notified the Director of Human Resources, Sandra Lopez, and her manager, Harrison Delgado, about her daughter's medical diagnosis.

13. As a result of Plaintiff's daughter's chronic epilepsy, Plaintiff was given a FMLA medical certification by Defendant, allowing Plaintiff to leave work or arrive late whenever she needed to take care of her daughter in case of an emergency.

14. Plaintiff's FMLA medical certification was renewed every six months and signed by the Director of Human Resources, Sandra Lopez.

15. On or about January 5, 2019, Plaintiff's FMLA medical certification was renewed until July 5, 2019.

16. On or about February of 2019, Plaintiff's daughter had an epileptic episode which resulted in a change of medications. As a result of the new medication, Plaintiff had to take care of her daughter to see how the new medications would affect her.

17. Plaintiff notified her manager, Harrison Delgado, that she needed to take FMLA to take care of her daughter. Mr. Delgado responded by telling Plaintiff that he knew plenty of people with epilepsy that did not to be taken care.

18. Plaintiff proceeded to fax a doctor's note to Defendant to notify Defendant that she could be excused from work. However, Plaintiff's reason for her absence was not recorded by Defendant. As such, Plaintiff received a warning.

19. Plaintiff immediately notified Human Resources to correct this issue.

20. On or about March 16, 2019, Plaintiff was presented with a warning for tardiness despite her FMLA medical certification and her notification to Defendant.

21. On or about March 21, 2019, Plaintiff's employment with Defendant was terminated by Harrison Delgado and Gilbert Rivera.

22. The Defendant's termination of Plaintiff and their actions after learning that Plaintiff sought to exercise her rights pursuant to the FMLA were in violation of the FMLA, because Defendant's interfered with Plaintiff's right to take FMLA and discriminated against Plaintiff for taking FMLA leave.

## COUNT I – FMLA INTERFERENCE

23. Plaintiff reincorporates and realleges all allegations contained within paragraphs 1-22 as fully alleged herein.

24. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under FMLA.

25. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work, violated the FMLA.

26. 29 U.S.C. §2601, et. seq. states in relevant part:

   (1) ""*an employee is entitled to FMLA as long as the employer has more than 50 employees, the employee must had worked for the company for at least one year and for more than 1250 hours in the last year and is needed to care for a family member with a serious health condition.*"

27. Plaintiff's daughter has a serious health condition, chronic epilepsy.

28. At all times relevant hereto, Plaintiff's daughter suffered from a "serious health condition."

29. Defendant interfered with the exercise of Plaintiff's right to unpaid leave because Defendant presented Plaintiff with a warning for taking leave from work.

30. Defendant interfered with the exercise of Plaintiff's right to unpaid leave because Defendant terminated Plaintiff's employment as a result of Plaintiff exercising her right to FMLA leave.

31. Defendant interfered with the exercise of Plaintiff's right to leave because Defendant presented Plaintiff with a warning and Defendant did not allow Plaintiff to resume working despite the fact that she had received a FMLA medical certification for Defendant that was active through July 5, 2019 and that Plaintiff provided Defendant with the required medical documentation to exercise her FMLA leave.

32. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, YANIRY HERNANDEZ, demands judgment against Defendant, THE RITZ-CARLTON HOTEL COMPANY, LLC. for backpay, an equal amount in liquidated damages, other damages, equitable relief, declaratory relief, reasonable attorney's fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- FMLA RETALIATION

34. Plaintiff reincorporates and realleges all allegations contained within paragraphs 1-22 as fully alleged herein.

35. At all times relevant hereto, Defendant retaliated against Plaintiff because Plaintiff exercised his right to take leave from work under the FMLA.

36. 29 U.S.C. §2601, et. seq. states in relevant part:

(1) *"an employee is entitled to FMLA as long as the employer has more than 50 employees, the employee must had worked for the company for at least one year and for more than 1250 hours in the last year and is needed to care for a family member with a serious health condition."*

37. Plaintiff's daughter has a serious health condition, chronic epilepsy.

38. At all times relevant hereto, Plaintiff's daughter suffered from a "serious health condition."

39. Defendant retaliated against Plaintiff for exercising her right to leave, because Defendant terminated Plaintiff's employment as a result of Plaintiff's exercising her right to leave.

40. Defendant retaliated against Plaintiff for exercising her right to unpaid leave, because Defendant refused to allow Plaintiff to return to her job, or to an equivalent position upon return from her FMLA leave.

41. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

42. As a result of Defendant's intentional, willful and unlawful acts by retaliation against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

43. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, YANIRY HERNANDEZ, demands judgment against Defendant, THE RITZ-CARLTON HOTEL COMPANY, LLC. for backpay, an equal amount in liquidated damages, other damages, equitable relief, declaratory relief, reasonable attorney's fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _March 2, 2020_

Respectfully submitted

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223